IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLY GUEVARA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-409-RGA |
| | : | |
| THE ALE HOUSE INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Plaintiff filed suit against the three defendants on May 20, 2015. The Clerk entered defaults against the defendants on July 22, August 20, and September 25. (D.I. 8, 11, 15). Due to the nature of the case, no requests for default judgment were forthcoming. On December 18, Plaintiff moved for contempt and sanctions for failure to comply with an order of November 13th. (D.I. 27). On January 20, 2016, Defendants moved to vacate the entries of default. (D.I. 30).

The motion to vacate the Rule 55(c) default requires consideration of three factors: "(1) whether setting aside the default would prejudice the plaintiff, [(2)] whether defendant has asserted a meritorious defense[, and (3)] defendant's culpability in allowing the default." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). In light of these factors, I need to set aside the defaults. Plaintiff does not argue prejudice in his brief. Plaintiff does argue that there is no assertion of a meritorious defense, but Defendants provided a proposed "Answer and Affirmative Defenses" to the complaint. (D.I. 30-1 at 8-31). It is true that the complaint is light on factual assertions, as it consists mostly of general denials. Nevertheless, the general denials

are indeed asserted meritorious defenses. Plaintiff argues that defendants' excuse for their dilatoriness, which is the individual Defendant's undisputed medical issues, is overstated, as there is evidence that the individual Defendant was neither completely incapacitated during the entirety of the relevant time period, nor prevented from trying to resolve the case by extralegal channels. Plaintiff also faults Defendants for not authorizing counsel to defend the case more promptly, as he was retained by December 7, but did not enter an appearance until January 4. I assume, based on the record evidence, that Plaintiff's allegations are true. Nevertheless, given the lack of prejudice, and the Third Circuit's understandable preference for resolution of cases on the merits, I am going to vacate the default. Defendants' motion (D.I. 30) is **GRANTED**. Defendants are **GRANTED** leave to file their answer to the complaint within three days following entry of this Memorandum Order. The Court's Order of November 13, 2015, is **VACATED**. Defendants are **ORDERED** to respond to Plaintiff's Motion for Expedited Certification of Collective Action etc. (D.I. 18) within ten days.

In view of the resolution of the motion to vacate, and the vacation of the November 13th order, Plaintiff's Motion for Contempt (D.I. 27) is **DISMISSED**.

IT IS SO ORDERED this 10 day of May 2016.

*/s/ Richard G. Andrews*
United States District Judge